**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARDONIO GOMEZ, #32640-177,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:09-CV-0073-G** |
| | ) | **(3:04-CR-0253-G(03))** |
| **UNITED STATES OF AMERICA.** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* motion to vacate, set aside or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Petitioner is presently incarcerated in the federal prison system at FCI Victorville in Adelanto, California.  The court did not issue process in this case pending preliminary screening.

Statement of the Case:  Petitioner pled guilty to conspiracy to posses with intent to distribute a controlled substance in violation of 18 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A).  *United States v. Gomez,* No. 3:04cr0253-G(03) (N.D. Tex.).  On April 7, 2005, the court entered judgment sentencing him to 292 months imprisonment, and a five-year term of supervised release.  *Id.*  Petitioner appealed.  On December 5, 2006, the U.S. Court of Appeals for the Fifth Circuit Court dismissed the appeal as frivolous pursuant to *Anders v. California*, 386 U.S. 738

(1967). *See United States v. Gomez*, No. 05-10472 (5th Cir. 2006).

On February 27, 2008, Petitioner filed a motion to reduce sentence under 18 U.S.C. § 3582(c) seeking relief under the crack cocaine amendments. The court granted the motion on March 21, 2008, reducing his sentence by 52 months.

In the instant § 2255 motion, filed on January 13, 2009, Petitioner alleges he received ineffective assistance of counsel at sentencing and on direct appeal regarding the crack to powder cocaine ratio.[1]

Findings and Conclusions: Federal inmates seeking relief under § 2255 are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). A court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); Rule 4 of the Rules Governing § 2255 proceedings (West 2009) (requiring a district court to dismiss a § 2255 motion when it plainly appears from the face of the motion, annexed exhibits, and prior proceedings in the case that the petitioner is not entitled to relief).

On January 15, 2009, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case was not barred by the limitations period, or why the statute of limitations should be tolled on equitable grounds. Petitioner filed his response on March 2, 2009.

The one-year period is calculated from the latest of either (1) the date on which the

---

[1]      For purposes of this recommendation, the § 2255 motion is deemed filed on January 5, 2009, the date Petitioner signed it and presumably placed it in the prison mail. (§ 2255 Motion at 11). *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing); *see also United States v. Petty*, 530 F.3d 361, 363 n.1 (5th Cir. 2008) (extending *Spotville* to a § 2255 motion).

judgment of conviction becomes final; (2) the date on which an impediment to filing a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from filing by such governmental action; (3) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2255(f).

Petitioner has alleged no impediment created by government action under subparagraph (2) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (3).  Petitioner asserts in passing that the crack cocaine amendments render subsection (3) applicable to his case.  (*See* Petitioner's Response to Show Cause at 2).  His contention is patently frivolous.  Petitioner does not rely on a Supreme Court case which recognized a new constitutional right and made it retroactively applicable to cases on collateral review.

With regard to subparagraph (4), the court determines that the facts supporting Petitioner's grounds for relief became known or should have become known prior to the date the judgment of conviction became final.  Thus, the court will calculate the one-year statute of limitations under subparagraph (1) from the date Petitioner's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review.

Petitioner's conviction became final on March 5, 2007, ninety days after the Fifth Circuit dismissed his direct appeal for want of prosecution.  *See* Sup. Ct. R. 13; *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079 (2003) (conviction is final for purposes of one-year

3

limitations period when the time expires for seeking review by writ of certiorari); *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000) (same).  The one-year limitations period began to run on March 6, 2007, and expired on March 5, 2008.  Petitioner did not mail his § 2255 motion until January 5, 2009, ten months after the expiration of the one-year period.  Therefore, the § 2255 motion is clearly time barred absent equitable tolling.

In response to the court's show cause order, Petitioner asserts the sentencing court entered a "new judgment" in his criminal case on March 21, 2008, reducing his sentence under the crack cocaine amendments.  He requests that the court use the above date in calculating the date on which his conviction became final under § 2255(f)(1).  (Petitioner's Response at 2).

The March 21, 2008 order, reducing Petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2), did not alter the date on which his judgment of conviction became final under § 2255(f)(1).  18 U.S.C. § 3582(b) states that "[n]otwithstanding the fact that a sentence to imprisonment can subsequently be- (1) modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."  *See Abbot v. United States,* 1998 WL 229652 at *2 (E.D. Pa. 1998) ("The law is clear that a modification of sentence pursuant to 18 U.S.C. § 3582(c) does not affect the finality of judgment[.]"); *see also United States v. Boyd*, 2009 WL 130420, *2 n.2 (W.D. Pa. 2009) (same).  Therefore, for purposes of § 2255(f)(1), the court has properly concluded that Petitioner's conviction became final on March 5, 2007, ninety days after the Fifth Circuit dismissed his direct appeal pursuant to *Anders*.

Next, Petitioner requests equitable tolling of the one-year period on the basis of the "new judgment," which reduced his sentence under § 3582(c).  (Petitioner's Response at 2).

4

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). The petitioner bears the burden of establishing that equitable is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). In *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See also Petty*, 530 F.3d at 365.

This case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. Petitioner contends that he was "awaiting the new amendment to the United States Sentencing Guidelines in regards to the new crack law/provisions, which became effective on March 3, 2008." (Petitioner's Response at 2). Even assuming the truth of the above assertion, Petitioner provides no explanation for the nine-month plus delay between the date on which the district court granted his motion to reduce sentence under the crack cocaine amendments (on March 21, 2008), and the date he finally mailed his § 2255 motion (on January 5, 2009). This delay, clearly of Petitioner's own making, does not make the circumstances of this case extraordinary enough to qualify for equitable tolling. "[E]quity is not intended for those who sleep on their rights." *Fisher* v. *Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Moreover, to the extent Petitioner relies on his *pro se* status, his claim is meritless. "Proceeding *pro se* is alone insufficient to equitably toll the AEDPA statute of limitations." *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). Likewise, "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of

5

limitations." *Id.* at 365-66.

Petitioner has not carried his burden of showing his entitlement to equitable tolling.

Therefore, the district court should, in its discretion, refuse to apply equitable tolling in this case.

RECOMMENDATION:

For the foregoing reasons it is recommended that the motion to vacate sentence under 28

U.S.C. § 2255 be summarily DISMISSED as barred by the one-year statute of limitations. *See*

Rule 4 of the Rules Governing § 2255 Proceedings.

A copy of this recommendation will be mailed to Petitioner.

Signed this 13th of April, 2009.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.